¡SWING, J.
We are of the opinion that the judgment of the court of cominon pleas in this cause should be affirmed.
The evidence was clear and certain as to the character of the services ineured by Mrs. Martin to her father Mr. Skelton, and the value of the services was also shown with equal clearness, and the judgment was not excessive if the relation of debtor and creditor existed. There is however room to doubt whether the services were rendered with the understanding between the parties that Mrs. Martin was to be paid for the same; but we are of the opinion that the court was justified in finding that in rendering the services Mrs. Martin was authorized to believe that she would receive compensation for her services, and that Mr. Skelton understood that they were so tendered, and that he received them expecting to pay for the same. The cirumstances and relations of the parties' together with the declarations of Mr. Skelton would seem to authorize such a conclusion. It is shown that they were not living together as parent and child, for it is fair to conclude that Mr. Skelton lived with his daughter in her home, and that he paid for his board by paying $16 per month for the rent of the house. It is also fairly shown that Mrs. Martin had no property, but depended largely upon her own work' to support herself and her family of four children. Mr. Skelton had property, and was able to pay for the services of this kind, which be so badly needed. He required all of Mrs. Martin’s services. He compelled her to quit working for others where she was raising money required to support her children in order to take care of him, and he could hardly expect her to do this without receiving compensation, especially when he was able to pay her and she needed the compensation to discharge an obligation which was more obligatory on her than his oare, viz. the support of her children. Nor do we see how she could perform this work without expecting, under these circumstances, to receive pay for the same. The circumstanoes and the relations of parties are always to be looked to by the court to ascertain the true relation of the parties, and in this particular case, we think, it goes a long ways towards showing that Mrs. Martin was to bo paid for her services. But in addition to the court being in possession of these facts, there was direct evidence to the effect that Mr. Skelton told others that Mrs. Martin would be well paid for the services rendered to him, and that *705 they were of great value, and under the circumstances, we think, these declarations indicated that he, Skelton, understood the relation of debtor and creditor to exist, and that the services rendered by Mrs. Martin were not to be gratuitous.
The judgment will be affirmed.